IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., TEVA RESPIRATORY, LLC, NORTON (WATERFORD) LIMITED, and NORTON HEALTHCARE LIMITED, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 17-307-GMS |
| LUPIN ATLANTIS HOLDINGS SA, LUPIN PHARMACEUTICALS, INC., and LUPIN LTD., | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

**WHEREAS,** the parties to the above-captioned action ("Action") have sought and may seek discovery of documents, information or other materials that may contain trade secrets or other confidential research, development or commercial information of other parties or third parties;

**NOW THEREFORE,** pursuant to Federal Rule of Civil Procedure 26(c) and paragraph 4 of the Scheduling Order in this Action (D.I. 20), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1. This Stipulated Protective Order ("Order") shall govern the disclosure or production of information, documents and tangible things in connection with the Action.

2. Definitions. Words shall have their normally accepted meanings as employed in this Protective Order. The word "shall" is mandatory. The words "includes"

and "including" are not limiting. The singular shall include the plural and vice versa. Additionally, the following terms shall have the listed definitions.

(a) As used herein, the term "Document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure.

(b) As used herein, the term "Information" includes information of any type, kind or character whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory or other discovery response, or otherwise.

(c) As used herein, the term "In-House Litigation Personnel" shall mean employees of a Party or employees of an affiliate of a Party (e.g., a parent company) who are responsible for overseeing this Action for a Party and who do not have any responsibilities during the period beginning with entry of this Protective Order and ending twelve (12) months after final termination of this Action, including any appeals, for competitive decision-making, including the marketing, pricing, or positioning of, or product development relating to, albuterol sulfate inhalation aerosol products or metered dose inhalers anywhere in the world.

(d) As used herein, the terms "Designated Information" or "Protected Information" include information that any party files as "Confidential," "Highly Confidential" or "External Counsel Only" with the Court, including documents that reveal, disclose or summarize information contained in documents designated as "Confidential," "Highly Confidential" or "External Counsel Only".

(e) As used herein, the term "Source" means any party to this Action or any third party that produces Information in connection with this Action.

3. Scope. This Protective Order includes within its scope any Documents and Information produced, disclosed or filed in the Litigation, whether by a Party or non-party, whether pursuant to formal or informal discovery requests or motion practice, and whether revealed in a document, deposition, an interrogatory answer, a response to a request for documents, a submission to the court or otherwise and including all Documents and all such Information produced or disclosed by non-parties in this Action pursuant to subpoena and/or deposition notice (collectively, "Litigation Material").

Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.

4. Confidentiality Designations. Protected Information shall include Litigation Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY," as defined below. Any information not designated as one of the above categories by a Source shall be considered to be non-confidential. The following information shall not be regarded as Protected Information:

(a) Information in the public domain at the time of disclosure, as evidenced by a document, electronically stored information, or tangible thing;

(b) Information that becomes part of the public domain through no fault of the receiving party, as evidenced by a document, electronically stored information, or tangible thing;

(c) Information that was in the rightful and lawful possession of the receiving party prior to the time of the disclosure, without any applicable obligation of confidentiality, as evidenced by a document, electronically stored information, or tangible thing; or

(d) Information that is received lawfully by the receiving party at a later date from a third party without restriction as to disclosure, provided that such third party has the right to make such unrestricted disclosure to the receiving party.

5. Designation as "CONFIDENTIAL". The designation "CONFIDENTIAL" shall mean Litigation Material that the Source in good faith believes pertains to or contains proprietary or commercially-sensitive information, market-sensitive information, or other information that is not generally known and which that party would normally not reveal to non-parties or would cause non-parties to maintain in confidence, all as limited by case law under Fed R. Civ. P. 26(c).

(a) Disclosure of information designated CONFIDENTIAL shall be made in good faith and limited to persons identified in paragraph 9(c) below. Nothing in this Order should be construed to imply the relevance or discoverability of any particular documents or category of information.

(b) All information, documents (including but not limited to written discovery, expert reports, and other documents served or exchanged between the parties in this litigation) or tangible items to be produced in tangible form that the producing party wishes to designate as CONFIDENTIAL Information must, prior to production to the receiving party, be labeled by the producing party with the legend: **CONFIDENTIAL** or **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**, or a suitable equivalent.

(c) All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the producing party wishes to designate as CONFIDENTIAL information must, prior to such disclosure, be specified in a writing provided

to the receiving party (or orally, if followed by the necessary writing) that identifies the specified information as CONFIDENTIAL Information.

6. Designation as "HIGHLY CONFIDENTIAL". The designation "HIGHLY CONFIDENTIAL" shall mean Litigation Material that the Source in good faith believes is of a highly proprietary or commercially sensitive nature and/or information that is required to be treated as confidential pursuant to statute or common law, including applicable foreign data privacy laws, including, but not limited to, information that the Source in good faith believes constitutes highly sensitive confidential information of the Source, including, but not limited to, certain materials relating to research development and regulatory approval, or that the Source in good faith believes constitutes other highly sensitive proprietary information that is entitled to additional protections.

(a) Disclosure of information designated HIGHLY CONFIDENTIAL shall be made in good faith and limited to persons identified in paragraph 9(b) below. Nothing in this Order should be construed to imply the relevance or discoverability of any particular documents or category of information.

(b) All information, documents (including but not limited to written discovery, expert reports, and other documents served or exchanged by the parties in this litigation) or tangible items to be produced in tangible form that the producing party wishes to designate as HIGHLY CONFIDENTIAL must, prior to production to the receiving party, be labeled by the producing party with the legend: **HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**, or a suitable equivalent.

(c) All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the producing party wishes to designate as

HIGHLY CONFIDENTIAL information must, prior to such disclosure, be specified in a writing provided to the receiving party (or orally, if followed by the necessary writing) that identifies the specified information as HIGHLY CONFIDENTIAL information.

7. Designation as "EXTERNAL COUNSEL ONLY". The designation "EXTERNAL COUNSEL ONLY" shall mean Litigation Material that the Source in good faith believes constitutes trade secret, technical, or business information of a most sensitive nature that might be of significant value to an actual or potential competitor of the Source and which must be protected from disclosure as set forth herein. Information designated "EXTERNAL COUNSEL ONLY" may include, but is not limited to certain materials relating to research and development, regulatory approval as well as future business plans, financial analyses and projections, contractual relationships with third parties, the identification of customers and suppliers, and the trade secrets of the Source's customers, vendors, accountants, underwriters, or other party.

(a) Disclosure of information designated EXTERNAL COUNSEL ONLY shall be made in good faith and limited to persons identified in paragraph 9(a) below. Nothing in this Order should be construed to imply the relevance or discoverability of any particular documents or category of information.

(b) All information, documents (including but not limited to written discovery, expert reports, and other documents served or exchanged by the parties in this litigation) or tangible items to be produced in tangible form that the producing party wishes to designate as EXTERNAL COUNSEL ONLY must, prior to production to the receiving party, be labeled by the producing party with the legend: **EXTERNAL COUNSEL ONLY or**

**EXTERNAL COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER**, or a suitable equivalent.

(c) All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the producing party wishes to designate as EXTERNAL COUNSEL ONLY must, prior to such disclosure, be specified in a writing provided to the receiving party (or orally, if followed by the necessary writing) that identifies the specified information as EXTERNAL COUNSEL ONLY.

(d) All information to be disclosed orally (such as at a deposition) shall be automatically designated as EXTERNAL COUNSEL ONLY for a period of fourteen (14) days from the date the deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed EXTERNAL COUNSEL ONLY unless (1) in a writing sent to counsel for the receiving party before the expiration of the fourteen-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) contains EXTERNAL COUNSEL ONLY Information; or (2) at the deposition, counsel for the producing party stated on the record that the deposition transcript contains EXTERNAL COUNSEL ONLY Information. The deposition transcript may also be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the same manner.

8. Limited Use.

(a) All Protected Information shall be used solely for this Action and the preparation and trial in this Action, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation, any other litigation, patent prosecution, post-grant proceeding, acquisition, or any communication with or submission to any U.S. or foreign

regulatory agency including, but not limited to, the FDA, or any business, research, development or competitive purpose or function. For example, Protected Information cannot be used in connection with prosecuting or filing any patent application, and cannot be used in connection with any communication or submission to the FDA, the U.S. Pharmacopeia, or any similar entity, including without limitation any Citizen Petition. Protected Information must not be distributed, disclosed, or made available to anyone except as expressly provided in this Order. This Order places no limitation on a Producing Party's use or disclosure of its own Protected Information.

(b) Protected Information and the information derived from such Protected Information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, to any person not authorized to receive the information under the terms of this Order.

(c) All Protected Information, including, but not limited to electronically stored data, shall be maintained by the receiving party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

9. Access to Protected Information. Unless otherwise ordered by the Court or permitted in writing by a Source, Protected Information may be disclosed only as follows:

(a) Materials designated as "EXTERNAL COUNSEL ONLY" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed only to the following persons:

i. Any attorney who serves as outside counsel of record to any party to this Action and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorney in this Action;

ii. The Parties' independent expert(s) or consultant(s) in accordance with Paragraph 13 herein, and their supporting personnel;

iii. Any person from whom testimony is taken, where such person was the author, specified recipient, custodian, or otherwise previously had access to or knowledge of the Protected Information, as demonstrated by the Protected Information itself or by foundation testimony, or is the present director, officer, employee, agent, Federal Rule of Civil Procedure designee, or expert witness for the Source, or where counsel for the Source has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such Protected Information;

iv. The Court and court personnel in this Proceeding, including Court reporters and videographers;

v. Any interpreters, or court or other shorthand reporters or typists translating, recording or transcribing testimony;

vi. Any service contractors (such as document copy services);

vii. Any translators, persons providing graphics or design or document services for purposes of preparing demonstrative or other exhibits in this Action and non-technical jury or trial consulting services, e-discovery vendors and document review attorneys, including their supporting personnel; and

viii. Any other person agreed to in writing by the producing party.

(b) Materials designated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed to the persons designated in paragraph 9(a), above, as well as to the following persons:

i. When Plaintiffs are the receiving party, up to three (3) In-House Litigation Personnel with responsibilities for overseeing this Action employed by Plaintiffs, and their respective secretarial, clerical, paralegal and other supporting personnel. Before a designated In-House Litigation Personnel for Plaintiffs may receive HIGHLY CONFIDENTIAL INFORMATION, Plaintiffs must serve on all producing parties a completed and signed undertaking in the form of Exhibit A attached hereto from such In-House Litigation Personnel, but a *curriculum vitae* is not required.

The initial designations for Plaintiffs are as follows:

| **FULL NAME OF IN-HOUSE LITIGATION PERSONNEL** | **JOB TITLE** | **PROFESSIONAL ADDRESS** |
|---|---|---|
| Matthew Blischak, Esq. | Vice-President and General Counsel, Global Specialty IP Litigation | Teva North America<br>425 Privet Road<br>Horsham PA<br>19044-8005 |
| Lori A. Wolfe, Esq. | Associate General Counsel, Specialty IP Litigation | Teva North America<br>425 Privet Road<br>Horsham PA<br>19044-8005 |

ii. When Defendants are the receiving party, up to three (3) In-House Litigation Personnel with responsibilities for overseeing this Action employed by Defendants, and their respective secretarial, clerical, paralegal and other supporting personnel.

Before a designated In-House Litigation Personnel for Defendants may receive HIGHLY CONFIDENTIAL INFORMATION, Defendants must serve on all producing parties a completed and signed undertaking in the form of Exhibit A attached hereto from such In-House Litigation Personnel, but a *curriculum vitae* is not required.

The initial designations for Defendants are as follows:

| FULL NAME OF IN-HOUSE LITIGATION PERSONNEL | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| Manish Mundra | Senior Project Manager, Intellectual Property Management Group | Lupin Atlantis Holdings SA, Landis+Gyr Str 1, 6300 Zug, Switzerland. |
| Pavan Kumar Vitta | Associate Director, Intellectual Property Management Group | Lupin Limited, Survey No. 46 A / 47 A, Village Nande, Taluka Mulshi, Pune 412115, India |
| Kathryn Jones | Senior Director, IP | Lupin Inc, 390 Campus Drive, Somerset, NJ 08873 |

iii. If, at the time this Order is signed, a party has not identified each of its three (3) In-House Litigation Personnel, it may add In-House Litigation Personnel provided it serves written notification to all producing parties along with a completed and signed undertaking in the form of Exhibit A attached hereto from the additional In-House Litigation Personnel. Additionally, for good cause, a party wishing to substitute In-House Litigation Personnel must provide written notification to all producing parties of the proposed substitute In-House Litigation Personnel and the In-House Litigation Personnel being removed, along with a completed and signed undertaking in the form of Exhibit A hereto from the substitute In-House

Litigation Personnel, and the receiving party must consent to such substitution. In both cases, a *curriculum vitae* is not required.

The producing party shall have five (5) business days, unless otherwise extended by mutual agreement between the parties, from receipt of such notice and the completed and signed undertaking to object in good faith to such addition or substitution for cause (*e.g.*, an identified conflict of interest), during which time no disclosure of Protected Information shall be made. If the producing party objects to the proposed addition or substitution, the parties shall meet and confer within five (5) business days of receipt of such objection to resolve the disagreement, during which time no disclosure of Protected Information shall be made. If the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the five-day period.

If the parties are not able to come to an agreement, the objecting party shall have the burden of moving the Court for an order denying the disclosure. The opposing party shall have ten (10) business days after the objecting party has filed a motion seeking disclosure to respond. If the objecting party files this motion, Protected Information shall not be disclosed to the In-House Litigation Personnel until the Court rules or the parties agree that such disclosure may be made.

(c) Material designated as "CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein may be disclosed to the persons designated in subparagraphs 9(a) and (b) above, as well as any other In-House Litigation Personnel.

10. Experts.

i. Expert Disclosure. If any party desires to disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" information of another party to any expert or consultant, it must first identify each expert or consultant to the producing party's external counsel in writing. Such identification shall include: (1) the proposed expert or consultant's full name, professional address, and professional affiliations; and (2) an up-to-date curriculum vitae; (3) a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years; (4) an identification of any consulting or other relationship to the parties in this Action within the last five years (excluding non-testifying litigation the existence of which is protected by attorney work product immunity); and (5) an executed copy of the Agreement to be Bound (see Exhibit A).

Counsel for the producing party shall have five (5) business days, unless otherwise extended by mutual agreement between the parties, commencing with the receipt by counsel for the producing party of the expert or consultant disclosure to object in good faith to the disclosure of Protected Information to this expert or consultant for cause (*e.g.*, an identified conflict of interest). If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the five-day period.

In the event that a good faith objection is made within the prescribed period, there shall be no disclosure of Protected Information to the expert or consultant. Within five (5) business days after receipt of the objection, if the parties are unable to reach any agreement over the disclosure of Protected Information to the expert or consultant, counsel for the objecting party

may subsequently move the Court for an order denying disclosure of any Protected Information to the expert or consultant. If the objecting party files this motion, the opposing party shall have ten (10) business days to respond. The Protected Information shall not be disclosed to the expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion within the five (5) business day period shall operate as a waiver of this objection. If the Court orders disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

11. Prosecution Bar. Individuals specified in subparagraphs 9(a)(i), (ii) and 9(b)(i), (ii) who have received access to information designated HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY may not engage in prosecution of patent applications claiming an albuterol sulfate inhalation aerosol or metered dose inhalers, for a period beginning when such individual first has access to HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY information and ending twelve (12) months after the end of this Action, without prior approval to do so by agreement of the Parties. Such individuals are further prohibited from participating in the amending, crafting, or drafting (including providing recommendations regarding drafting, crafting, or amending to persons engaged on behalf of the receiving party in such activities) of claims relating to an albuterol sulfate inhalation aerosol or metered dose inhalers during post-grant proceedings before the U.S. Patent & Trademark Office, or corresponding post-grant proceedings before any foreign patent authority (for example, the European Patent Office), including *inter partes* review proceedings, post-grant review proceedings, and covered business method review proceedings, reissue, or *ex parte* reexamination, but does not preclude such an individual from otherwise participating on behalf

of the receiving party in such post-grant proceedings with respect to patents involving an albuterol sulfate inhalation aerosol or metered dose inhalers, or in any appeals thereof. The restrictions of this paragraph shall apply to individuals and not the organizations by which they are employed or affiliated, provided however, that an appropriate ethical wall shall be established if others at the organization engage in such prosecution.

12. FDA Counseling Bar. The individuals specified in subparagraphs 9(a)(i), (ii) and 9(b)(i), (ii) who have received access to information designated HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY information shall not be involved in any petitioning, counseling, litigation, or other work before or involving the FDA, or equivalent foreign regulatory body, concerning an albuterol sulfate inhalation aerosol or metered dose inhalers, including but not limited to the preparation or submission of any FDA correspondence (*e.g.*, citizen petitions) regarding approval requirements for an albuterol sulfate inhalation aerosol or metered dose inhalers, for a period beginning when such individual first has access to HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY information and ending twelve (12) months from the end of this Action, without prior approval to do so by agreement of the Parties. Nothing in this provision shall prevent the individual from performing work before the FDA solely for obtaining or maintaining approval of the receiving party's own NDA or ANDA, provided no HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY Information from the opposing parties in this Action is used or disclosed.

13. Competitive Decision Making. The individuals specified in subparagraphs 9(a)(i), (ii) and 9(b)(i), (ii) who have received access to information designated HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY shall not advise on decisions concerning competitive decision making with respect to an albuterol sulfate inhalation aerosol or

metered dose inhalers, for a period beginning when such individual first has access to HIGHLY CONFIDENTIAL or EXTERNAL COUNSEL ONLY information and ending twelve (12) months from the end of this Action, without prior approval to do so by agreement of the Parties.

For the avoidance of doubt, "competitive business decision making" does not include purely legal decision making responsibilities relating to an albuterol sulfate inhalation aerosol or metered dose inhalers. For example and without limitation, the following activities are not competitive decision making: (a) negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement and responsibilities relating to advising about launch dates; (b) providing advice as to whether a particular product design is legally permissible, including whether a particular product design would infringe intellectual property rights; (c) providing legal advice regarding product launch; (d) providing advice with regards to a party's own ANDA or NDA; and/or (e) supervising this Action, or any action related to albuterol sulfate inhalation aerosol or metered dose inhalers.

14. Option to Redact Information. The Source may choose to produce documents, electronically stored information, or tangible things in redacted form, redacting information that is nonresponsive (including material unrelated to the litigation), or information that is protected by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity. The Source will indicate in some form or manner whether the information was redacted for privilege or as non-responsive. Any materials marked with a "Redacted-Privileged" designation are not required to be logged in a party's privilege log in the first instance. Upon a showing of good cause (*e.g.*, that the sender, recipients, or nature of the privilege cannot be ascertained), the receiving party may request that the producing party log the redacted document. Additionally, no party need log material in a

privilege log to the extent that material was generated after March 21, 2017. If a reasonable request is made by a receiving Party, the Source will, within five (5) business days of such request, provide the basis for any redactions made to identified documents.

15. Objection to Redactions. The following procedures shall govern any challenges to a redaction:

(a) If a Party in good faith believes that a redaction is improper, it must specify to the Source in writing (i) the redaction challenged and (ii) the grounds for questioning the redaction. The Source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information challenged) and is agreed to by counsel or as ordered by the Court.

(b) If the objecting Party and the Source do not reach agreement within ten (10) business days after the Source has responded to the challenging Party, then the Party opposing the redaction has ten (10) business days to move the Court to compel. Until the Court rules, the redaction shall remain in place.

(c) Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to assertions of attorney-client privilege, work-product doctrine, or trade secret, which shall be determined in accordance with governing law.

16. Requirement to Provide Redacted Versions of Filings. With respect to any brief, letter-brief or witness declaration designated as EXTERNAL COUNSEL ONLY information filed by either party with the Court, and any expert witness report designated as EXTERNAL COUNSEL ONLY information served by either party, the producing party shall provide the receiving party with a redacted HIGHLY CONFIDENTIAL version in which the party's own EXTERNAL COUNSEL ONLY information is redacted within:

(a) three (3) business days of filing, if the document is 5 pages or fewer,

(b) five (5) business days of filing if the document exceeds 5 pages, or

(c) five (5) business days of service if the document is an expert witness report.

Such document may only be shared with the In-House Litigation Personnel authorized to receive HIGHLY CONFIDENTIAL information under paragraph 9(b) of this Protective Order.

The parties shall not be required to provide redacted versions of exhibits to said briefs, letters, declarations or expert reports. Should the parties be unable to resolve a disagreement regarding proposed redactions, either party shall have the option to seek relief from the Court in accordance with Paragraph 20. With regard to exhibits to any briefs, letters, declarations or expert reports marked EXTERNAL COUNSEL ONLY, each Party reserves the right to request redacted copies of said exhibits on a case-by-case basis.

17. Additional Parties. The terms of this Protective Order shall be binding upon all current and future Parties to the Litigation and their counsel. The following provisions shall apply to additional parties and parties in any litigation involving the patents-in-suit ("Related Actions"):

(a) If an additional party joins or is joined in this Action, the newly joined party shall not have access to Protected Information until the parties agree to a supplemental protective order governing the protection of Protected Information.

(b) Within ten (10) days of the entry of appearance by a new party to the Litigation, Plaintiffs' counsel shall serve a copy of this Protective Order on the new party's

counsel. When serving subpoenas on non-parties, a copy of this Protective Order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Protective Order. Any non-party producing documents or information in the Litigation may avail themselves of the confidential treatment provided for in this Protective Order by signing a copy of this Protective Order and serving same on all counsel of record.

(c) Should any new Defendants be named or joined to this Action, those Defendants as well as any Defendants already named in this Action, who are bound by a protective order entered by this Court in this case may exchange documents or information (including, but not limited to, motions, briefs, declarations, discovery responses, contentions, and expert reports) describing or referring to information designated by Plaintiffs as Protected Information so long as every defendant who receives such documents treats all designated materials in accordance with this Protective Order. The exchange contemplated by this paragraph does not modify any of the restrictions on the dissemination of Plaintiffs' Protected Information set forth in this Protective Order.

(d) Plaintiffs may not produce or otherwise disclose Defendants' CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or EXTERNAL COUNSEL ONLY information to any other defendant joined to this Action or in any Related Actions or use Defendants' CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION or EXTERNAL COUNSEL ONLY information in any Related Actions absent (a) consent of Defendants or (b) an Order from the Court.

18. Court Filings and Proceedings.

(a) If any party files Protected Information with the Court, including documents that reveal, disclose or summarize information contained in documents designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY," the Protected Information shall be filed under seal and subsequently redacted according to the Local Rules and the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means (the "CM/ECF Procedures"), as applied and interpreted in connection with the District of Delaware CM/ECF User's Manual Preservation of Rights and Privileges.

Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within ten (10) business days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties in the Action. Nothing in this provision relieves a party of liability for damages caused by failure to properly file Protected Information under seal. The burden of proving that such information should be sealed shall at all times remain on the party which designated the Protected Information.

(b) Protected Information may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with the disputes between or among the parties to this Action, so long as the person presenting such testimony or evidence is authorized to have access to such Protected Information under the terms of this Order, and subject to any further order of this Court regarding confidentiality.

(c) This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive Protected Information under the terms of this Order, so long as such examination concerns Protected Information that the witness authored or previously had access to or knowledge of, as demonstrated by the Protected

Information itself or by foundation testimony during a deposition, hearing or trial. A current director, officer, employee, agent or Federal Rule of Civil Procedure 30(b)(6) designee of a producing party may be examined about that producing party's Protected Information at a deposition, hearing or at trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of Protected Information.

(d) Each party reserves the right to request at a hearing or trial that the courtroom be closed to the public and any non-qualified party representatives during the introduction of testimony or argument regarding or exhibits containing Protected Information.

19. Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally relying upon CONFIDENTIAL/HIGHLY CONFIDENTIAL/EXTERNAL COUNSEL ONLY information. In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the specific content of any CONFIDENTIAL/HIGHLY CONFIDENTIAL/EXTERNAL COUNSEL ONLY information where such disclosure would not otherwise be permitted under the terms of this Protective Order.

20. <u>Objections to Designations</u>. A receiving party's acceptance of Protected Information by a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Order shall not foreclose any party from moving for an order that Protected Information is not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Prior to bringing such a motion, however, the receiving party shall first request in writing that the producing party change or remove its confidentiality designation.

(a) Counsel for the objecting receiving party shall serve on the producing party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the producing party shall respond in writing to such objection within ten (10) business days after receiving such objection, and shall state with particularity the grounds for asserting that the document or information is Protected Information.

(b) If the producing party refuses to change its confidentiality designation within ten (10) business days, the receiving party may move for an order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the material it designated as Protected Information embodies its trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

21. Inadvertent Disclosure. The disclosure or production of any information, document or tangible item without a designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL, or EXTERNAL COUNSEL ONLY shall not constitute a waiver of any claim of confidentiality. Where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the producing party, such inadvertence or mistake shall be brought to the attention of the receiving party promptly after its discovery. Upon learning of an inadvertent or unintentional disclosure of Protected Information, the Source shall provide notice to the Parties who have received such Protected Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation. During this ten-day period, the information may not be used in a manner

inconsistent with such notice. Upon receipt of properly re-designated documents, counsel for the receiving party shall, within ten (10) business days, either return to counsel for the Source all versions of that Protected Information that were not so designated or certify in writing that they have been destroyed.

Should any Protected Information be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall (a) use its best efforts to obtain the prompt return of any such Protected Information and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party along with an explanation of the reason for the unauthorized disclosure; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

22. No Waiver of Privilege.

(a) Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity.

(b) If a producing party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, or any other applicable privilege or immunity, such

production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within ten (10) business days of receiving a written request to do so from the producing party (the "Request"), the receiving party shall return to the producing party or destroy any documents or tangible items that the producing party represents are covered by a claim of privilege or immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. The producing party shall retain copies of all returned documents and tangible items until the conclusion of this Action.

In the event that a receiving party, in good faith, believes that the document(s) or tangible item(s) that were withdrawn by the producing party are not properly subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the receiving party must file a motion to compel production of the document(s) or tangible item(s) within ten (10) business days of receiving the Request and may retain one (1) copy of the document(s) or tangible item(s) for use only in connection with the filing of a motion to compel production of the document(s) or tangible item(s). Pending the Court's ruling, the Party challenging the assertion of privilege shall not make any use of such documents, electronically stored information, or tangible things. If the receiving party does not file a motion to compel production within ten (10) business days after the Request, the document(s) or tangible item(s) and any portions of summaries or other documents that contain information from those document(s) or tangible item(s) claimed as privileged must be destroyed within said ten (10)

business day period. If the receiving party files a motion to compel production, and its motion is denied, the receiving party must destroy any copies of the document(s) or tangible item(s) and any portions of summaries or other documents that contain information from those document(s) or tangible item(s) claimed as privileged within five (5) business days of the entry of a Court order denying the receiving party's motion.

23. Nothing contained in this Protective Order shall: (a) affect the right, if any, of any party or non-party to make any type of objection, claim, or other response to any discovery request, including, without limitation, any interrogatories, requests for admissions, requests for production of documents or questions at a deposition; (b) be construed as a waiver of any legally cognizable privilege to withhold any Protected Information, or of any right to assert such privilege at any stage of this Action; or (c) prevent any party from applying to the Court for relief from this Protective Order, modification of this Protective Order or additional protective orders.

24. Withdrawal Requests. Within sixty (60) days after Final Resolution of this Action, any Protected Information which has been submitted to the Court during the course of this Action, including Protected Information submitted for identification or received into evidence at the time of the trial of this Action, may be the subject of a withdrawal request addressed to the Court, and consent to such request shall not be withheld by the receiving party or parties without good cause.

25. No Admission. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular document or other information is or is not (i) confidential, (ii) privileged, or (iii) admissible in evidence at trial. The parties retain the

right to challenge the use or admissibility of all documents or information exchanged under this Protective Order.

27. Requests for Production from Those Who are Not a Party to This Protective Order. Any Party or person in possession of Protected Information who receives a subpoena (or other process) from any person (including, but not limited to, natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a Party to this Protective Order, which subpoena seeks production or other disclosure of such Protected Information, shall promptly give written notice by facsimile, e-mail, or overnight mail delivery to counsel for the Source identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Protected Information that such information is confidential, subject to this Protective Order, and may not be disclosed without either (i) the consent of the Source or (ii) a court order. The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction or unless the producing party provides its written consent to make such production or disclosure.

28. This Order shall not prevent any party from applying to the Court for further or additional protective orders.

29. Source's Use of Own Information. Nothing in this Protective Order shall prevent a Source from using or disclosing its own information as it deems appropriate. Subject to paragraph 4, any such disclosure by a Source shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Protective Order.

30. Materials Excluded from Discovery. Notwithstanding Fed. R. Civ. P. 26(b)(4)(C)(i), (ii) and (iii), the Parties agree that the following materials will be excluded from discovery in this case: expert witnesses' notes, drafts, and communications with counsel, with the exception that discovery shall be permitted into communications of facts or data on which an expert relies in forming an opinion.

31. Compliance with Federal and Local Rules. This Protective Order does not relieve any Party or non-party from compliance with the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, or the Standing Orders of this Court with respect to this Action.

32. Binding Effect of Protective Order Prior to Entry. All Parties to this Stipulated Protective Order shall be bound by the terms of the Protective Order pending entry of the Protective Order by the United States District Court for the District of Delaware.

33. Duration of Protective Order. This Order shall survive the termination of this Action, and shall remain in force and effect until modified, superseded, or terminated by written consent of all Parties or by an order of the Court. The Court expressly retains jurisdiction to enforce the provisions of this Protective Order following the final resolution of the Action, including all appeals.

34. Execution in Counterparts. This Protective Order may be executed in counterparts and signatures obtained via email, pdf or facsimile shall have the full force and effect of original signatures.

35. Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Protected Information.

36. Return or Destruction of Materials. Within sixty (60) days after final judgment from which no appeal can be taken is entered in this Action ("Final Resolution of the Litigation"), counsel for the receiving Party shall either return to counsel for the Source all Protected Information stored in any form (including Protected Information in the possession, custody, or control of any authorized agents, experts and consultants) or destroy the Protected Information. Counsel for each Party must certify compliance with this paragraph within this sixty-day period. Outside counsel for a receiving party may retain one archival copy of all pleadings, motion papers (including exhibits), deposition transcripts (including exhibits), expert reports (including exhibits), the trial record (including exhibits), Court transcripts, Court exhibits and other submissions to the Court, including any Protected Information contained therein, so long as the materials are marked with the appropriate designation. The identified In-House Litigation Personnel may retain one archival copy per organization of the briefs (excluding any exhibits containing Protected Information) filed with the Court and orders issued by the Court, so long as they (if containing Protected Information and not publicly available) are kept exclusively under their control.

As to those materials that contain or reflect Protected Information, but which also constitute or reflect counsels' work product, such counsel shall be entitled to retain those materials in their files in accordance with the provisions of this Protective Order, so long as such materials are marked with the appropriate designation. Materials described in this paragraph contained in the files of counsel shall continue to be governed by this Protective Order.

37. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party

subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:
Daryl L. Wiesen
Nicholas K. Mitrokostas
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Andrew E. Riley
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
*Attorneys for Plaintiffs*

*/s/ David A. Bilson*
John C. Philips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

OF COUNSEL:
William R. Zimmerman
Andrea L. Cheek
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Ave. N.W., Ste. 900
Washington D.C. 20006
(202) 640-6400

Carol Pitzel Cruz
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
(206) 405-2000

Ashley C. Morales
Clayton R. Henson
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
(858) 707-4000
*Attorneys for Defendants*

Dated June 23, 2017

SO ORDERED this ___ day of _________________, 2017.

_____________________________________
United States District Judge

# EXHIBIT A

**EXHIBIT A TO THE AGREED PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., TEVA RESPIRATORY, LLC, NORTON (WATERFORD) LIMITED, and NORTON HEALTHCARE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN ATLANTIS HOLDINGS SA, LUPIN PHARMACEUTICALS, INC., and LUPIN LTD.,<br><br>Defendants. | C.A. No. 17-cv-00307-GMS |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, ________________________________________, state that:

1. My present employer is ____________________________ and my present work address is ____________________________________________________________.

2. My present title, occupation or job description is ______________ ____________________________________________________________________________.

3. A copy of my *curriculum vitae* is attached hereto.

4. I have read and understand the provisions of the Stipulated Protective Order entered in this Action and I will comply with the provisions of that Stipulated Protective Order. I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Protected Information, or any summaries, abstracts or indices of any Protected Information, that is disclosed to me or that I prepare.

6. Upon conclusion of the above-captioned litigation, including appeal, I will return all Protected Information – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained or acted as witness, or confirm the destruction of such Protected Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ____________________________ ______________________________